# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TAYBRONNE A. WHITE,** | ) | |
| Petitioner, | ) | Case No. 7:18CV00229 |
| v. | ) | **OPINION** |
| **DAVID ZOOK, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Taybronne A. White, Pro Se Petitioner.*

Taybronne A. White, a Virginia inmate proceeding pro se, has filed a pleading that he styles as a "MOTION FOR EXTENTION OF TIME." Pet. 1, ECF No. 1. Finding no pending case for White, the court construed and filed his motion itself as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After closer review of his submissions, however, I conclude that White's motion for extension to file a § 2254 petition must be denied, and the § 2254 action must be dismissed without prejudice.

Under 28 U.S.C. § 2244(d), a habeas petition challenging a state court judgment must normally be filed within one year from the date on which the petitioner exhausted available direct appeal opportunities — in the state courts and, if he so chooses, in the United States Supreme Court through a Petition for a Writ

of Certiorari. Such a petition must be filed within ninety days of the Supreme Court of Virginia's judgment refusing his appeal. Sup. Ct. R. 13(1). If petitioner does not file a certiorari petition, his conviction becomes final at the end of that ninety days, and his one-year federal habeas filing period then begins to run. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Under § 2244(d)(2), the one-year clock stops, however, during the pendency of properly filed post-conviction proceedings in state court, such as appeals and habeas petitions.

State court records online indicate that White's direct appeals in the state courts concluded on June 17, 2016. On that date, the Supreme Court of Virginia denied White's request for review of his appeal by a three-judge panel. It does not appear that he filed a certiorari petition in the United States Supreme Court. In June 2017, White filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia that is still pending. He fears that if the Supreme Court of Virginia denies his petition, his one-year period to file a federal petition will immediately expire. For this reason, he asks this court to grant him additional filing time.

For a district court to have jurisdiction over a motion seeking an extension of the § 2244(d) filing period, the petitioner's motion must either be filed concurrently with or after his habeas petition, or the motion itself must be construed as a § 2254 petition. *See, e.g., Ramirez v. United States*, 461 F. Supp. 2d

439, 441 (E.D. Va. 2006) (regarding motions seeking an extension of the similar time limit to file habeas claims under 28 U.S.C. § 2255). "'[W]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a [habeas] claim . . ., a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive [petition] for relief.'" *Id.* (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)).

In this case, however, White has not yet filed a § 2254 petition stating his habeas claims, and his motion does not present any such claim. Thus, I conclude that I do not have jurisdiction to grant his motion seeking additional filing time.[*] For the same reason, I cannot allow his current motion to proceed as a § 2254 action as docketed. Therefore, I will deny White's motion and dismiss this § 2254 action without prejudice.

A separate Final Order will be entered herewith.

DATED: June 11, 2018

/s/ James P. Jones
United States District Judge

---

[*] Moreover, based on state court records online, it appears that White's one-year filing period did not begin until mid-September 2016, when his time to file a certiorari petition expired. If so, only nine months of White's one-year federal filing period elapsed before he filed his state habeas petition in June 2017 to stop that clock. Thus, if the Supreme Court of Virginia denies his petition, White should have sufficient, although limited, time to file a timely federal habeas petition.